# In the United States Court of Federal Claims

No. 06-940 L
(Filed: November 18, 2011)

| | | |
|---|---|---|
| ************************************* | | |
| | * | |
| **THE COEUR D'ALENE TRIBE**, | * | 28 U.S.C. § 1500; *Tohono O'Odham* |
| | * | *Nation*; RCFC 12(b)(1); subject matter |
| Plaintiff, | * | jurisdiction; Indian trust claim; *Tecon* |
| | * | *Engineers*; order-of-filing rule; same |
| v. | * | day filing; simultaneous filing; |
| | * | substantially the same operative facts |
| **THE UNITED STATES**, | * | |
| | * | |
| Defendant. | * | |
| | * | |
| ************************************* | | |

*John P. Racin*, Weissbrodt & Racin, Washington, DC, for Plaintiff.

*Stephen R. Terrell*, Trial Attorney, Natural Resources Section, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for Defendant.

---

## OPINION

---

**DAMICH**, Judge:

Plaintiff Coeur d'Alene Tribe ("Plaintiff" or "Tribe") filed this case on December 29, 2006, seeking damages for the United States' alleged mismanagement of the Tribe's trust funds and resources. On the same day, Plaintiff filed a similar case in the United States District Court for the District of Columbia ("District Court"). In that case, Plaintiff seeks a declaratory judgment that the United States breached its fiduciary trust obligations to Plaintiff and an order for a full historical equitable accounting of Plaintiff's trust assets. There is no question that, absent the District Court suit, this Court would have jurisdiction over Plaintiff's claims under the Tucker Act, 28 U.S.C. § 1491 (2006), and the Indian Tucker Act, 28 U.S.C. § 1505 (2006). The issue is whether 28 U.S.C. § 1500 (2006), which provides that this Court "shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the [Government]," operates to deprive this Court of jurisdiction.

1

This case raises two questions. The first is whether Plaintiff's suits are for or in respect to the same claim. The Court finds that Plaintiff's claim for an accounting of trust assets is based on substantially the same operative facts as its claim for damages arising out of the mismanagement of the same trust assets because the claims are based on the same acts of alleged mismanagement and breaches of duty.

The second question is if a plaintiff files separate lawsuits in a district court and the United States Court of Federal Claims ("CFC") on the same day, is the district court suit pending for purposes of § 1500? The Court concludes that, in the absence of preponderant evidence regarding the order of filing, lawsuits filed on the same day are filed simultaneously for the purposes of § 1500, and that a simultaneously filed lawsuit is "pending" for the purposes of § 1500. The Court finds that Plaintiff did not establish by a preponderance of the evidence that this case was filed before the District Court suit, and therefore, the District Court suit was pending at the time this suit was filed.

Therefore, because the District Court suit is based on substantially the same operative facts as this case and it was pending at the time this case was filed, the Court must grant the Government's motion to dismiss for lack of jurisdiction.

## I.   Background

The United States, through the Department of the Interior's Bureau of Indian Affairs ("BIA"), maintains trusts for the benefit of various Native American tribes. The BIA manages and administers the trusts, which hold tribal land and resources, and any funds derived therefrom, for the benefit of each tribe. The Coeur d'Alene Tribe is the beneficial owner of land and natural resources within its Reservation, which the United States holds in trust for the Tribe. Compl. ¶14.

On December 29, 2006, the Tribe filed lawsuits[1] in this Court and the District Court[2] requesting relief related to the United States' management of its trust assets. On February 22, 2007, the Court granted the parties' joint motion for a stay pending developments relating to accounting issues in the District Court case. Order, Feb. 22, 2007; Jt. Mot. for Stay, Feb. 21. 2007. The one-year stay was extended a number of times, until the Government raised the issue of subject matter jurisdiction in June 2011. The Court lifted the stay to determine whether it had jurisdiction, and the parties briefed the issue.

On June 10, 2011, the Government filed a Motion to Dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims. The Government contends that, under § 1500 and *United States v. Tohono O'Odham Nation*, 131 S. Ct. 1723 (2011), this Court lacks subject matter

---

[1] Around this time, numerous other Native American Tribes were filing similar lawsuits in the district courts and the CFC. *See Tohono O'Odham Nation v. United States*, 79 Fed. Cl. 645, 646 (2007), *rev'd*, 559 F.3d 1284 (Fed. Cir. 2009), *rev'd*, 131 S. Ct. 1723 (2011) (the Supreme Court affirmed the CFC decision).

[2] *Coeur d'Alene Tribe v. Kempthorne*, No. 06-CV-2242 (D.D.C. Dec. 29, 2006).

jurisdiction over the Plaintiff's suit because it is "for or in respect to" claims pending before the District Court. According to the Government, "two suits are for or in respect to the same claim," if they are "based on substantially the same operative facts, regardless of the relief sought in each suit." Def.'s Mot. Dismiss Br. at 1.

Plaintiff responds that its two suits are not based on "substantially the same operative facts" because its District Court suit is to compel an accounting of the Tribe's trust fund, while this suit is for money damages resulting from the Government's mismanagement of the Tribe's land and resources. Plaintiff also argues that *Tohono* only applies to cases where the district court suit was filed before the CFC suit, and *Tohono* should not be extended to apply to cases where the CFC suit is filed before or simultaneously with the district court suit. Plaintiff contends that binding Federal Circuit precedent establishes an order-of-filing rule, and the CFC only lacks jurisdiction if the CFC suit is filed after the filing of a suit in another court.

The Government replies that under § 1500 the order of filing is irrelevant. Even if the district court suit is filed second, the Government claims that "the CFC loses 'jurisdiction' whenever the plaintiff has 'pending' in another court a suit that is related to its CFC claim." Def.'s Mot. Dismiss Br. at 13. Therefore, Plaintiff's filing of this suit simultaneously with, or even before, its District Court suit does not prevent § 1500 from taking jurisdiction away from this Court.

After the parties briefed the motion, the Court ordered the Plaintiff to provide evidence regarding the sequence of the complaints' filing. The Court noted that other CFC judges had found the sequence of filing relevant, and it wanted to be sure the record was complete. In response, the Tribe filed, on October 14, 2011, two affidavits recounting the events of December 29, 2006. The Court finds that the record contains all the relevant jurisdictional facts, and the case is now ready for decision.

**II.     Section 1500**

Congress has prohibited this Court from exercising jurisdiction over a claim when a plaintiff has filed and "has pending" another lawsuit "for or in respect to" the same claim in another court. That jurisdictional bar is set forth in § 1500, which provides that, "The [CFC] shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the [Government]." Section 1500 does not define the broad terms which it contains. As relevant here, the statute does not define what it means for two lawsuits to be "for or in respect to" the same claim, and it does not define what it means for a plaintiff to "ha[ve] pending" another claim or specify at what point during the lawsuit another claim cannot be pending. The proper interpretation and application of these two phrases are the issues presented in this case.

Congress first erected the jurisdictional bar in 1868, to "curb duplicate lawsuits brought by residents of the Confederacy following the Civil War." *Tohono*, 131 S. Ct. at 1727-28. "[T]he original purpose [of § 1500] was to force an election between a suit in the Court of Claims and a suit in another court on essentially the same claim." *UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1022 (1992) (*en banc*), *aff'd sub nom. Keene v. United States*, 508 U.S.

3

200 (1993). The original language of the statute read, in relevant part: "no person shall file or prosecute any claim or suit in the court of claims, or an appeal therefrom, for or in respect to which he . . . shall have commenced and has pending any suit or process in any other court against [the government]." Act of June 25, 1868, § 8, 15 Stat. 75, 77.

Congress last amended the statute in 1948, as part of the 1948 revision to the Judicial Code.[3] Like the original act, the immediate predecessor to § 1500, § 154 of the Judicial Code of 1911, was directed at plaintiffs instead of the court. *Keene*, 508 U.S. at 208. Section 154 provided that "[n]o person shall file or prosecute in the Court of Claims . . . any claim for or in respect to which he . . . has pending in any other court any suit or process . . . ." Act of Mar. 3, 1911, ch. 231, § 154, 36 Stat. 1138.

## III. The Tribe's Two Lawsuits Are Based on Substantially the Same Operative Facts

### A. *Tohono* Clarified the Meaning of "For or in Respect to" the Same Claim

In *Tohono*, the Supreme Court recently resolved what it means for two suits to be "for or in respect to" the same claim. "Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono*, 131 S. Ct. at 1731. As the Court explained, "An interpretation of § 1500 focused on the facts rather than the relief a party seeks preserves the provision as it was meant to function, and it keeps the provision from becoming a mere pleading rule, to be circumvented by carving up a single transaction into overlapping pieces seeking different relief." *Id.* at 1730.

In affirming the CFC's dismissal of the plaintiff's suit, the *Tohono* Court agreed that the two actions were substantially the same. The actions alleged that the United States held the same assets in trust. They also were predicated on "almost identical" breaches of fiduciary duties by the United States, including self-dealing, imprudent investment, and failure to provide an accurate accounting. *Id.* at 1731. The Court noted that the plaintiff "could have filed two identical complaints, save the caption and prayer for relief, without changing either suit in any significant respect." *Id.* The Court found that "the substantial overlap in operative facts" precluded the CFC from exercising jurisdiction over the case. *Id.*

### B. Plaintiff's Two Claims Arise Out of the Same Acts of Mismanagement

The question to be decided is whether Plaintiff's two suits have sufficient factual overlap to trigger the jurisdictional bar. In its motion to dismiss, the Government asserts that Plaintiff's two suits both "arise from substantially the same operative facts" because both cases are premised on the same alleged breaches of fiduciary obligations and mismanagement of Plaintiff's trust assets by the United States. Def.'s Mot. Dismiss Br. at 1.

---

[3] No change in law should be presumed from the 1948 revision of the Judicial Code "unless an intent to make such changes is clearly expressed." *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 227 (1957). The Supreme Court has described the change in § 1500's language as "nothing more than a change in phraseology." *Keene*, 508 U.S. at 209 (quotations omitted).

In response, Plaintiff contends that the two suits are different because the District Court complaint focuses on facts relevant to trust fund accounting claims while the CFC complaint focuses on the Government's mismanagement of Plaintiff's land and natural resources. Pl.'s Resp. at 2. Plaintiff asserts that, unlike the plaintiffs in *Tohono*, it could not have filed identical complaints in both cases. *Id.* Plaintiff concedes, however, that both complaints allege that the Government holds funds and resources in trust and that the Government has assumed fiduciary duties. *Id.* Plaintiff attempts to distinguish its two claims by stressing that each one focuses on different aspects of trust management and each one requests different relief.

A plaintiff cannot avoid § 1500 by requesting different relief or by carving up a claim into separate pieces; section 1500 is not a pleading rule. *Tohono*, 131 S. Ct. at 1730. While the Court agrees with Plaintiff that each complaint has a slightly different focus, the Court finds that in both suits Plaintiff is seeking redress for injuries arising from the same transaction or occurrence: the Government's ongoing mismanagement of the Tribe's trust assets. A comparison of Plaintiff's two complaints shows that, although they are not identical, they allege the existence of substantially the same fiduciary duties and substantially the same breaches of those duties.

Both complaints allege that the Government owes the Tribe similar fiduciary duties.[4] The Tribe alleges that the United States has the obligation to maintain adequate records of the Tribe's property; to maintain adequate internal controls; to provide regular, periodic accountings; to refrain from self-dealing in managing the trust; and to ensure the Tribe's property is protected, preserved, and managed to produce the highest and best return to the Tribe. Compl. ¶22, 28; District Court Compl. ¶¶14-15, 22. Both complaints allege the Government has authorized conveyances of interests in and of licenses to use the Tribe's trust lands and that the Government has a duty to collect all proceeds due to the Tribe from such conveyances and from similar transactions. Compl. ¶¶18-19, 34.7; District Court Compl. ¶¶12, 15. The Tribe alleges the Government has a statutory duty to audit and reconcile tribal trust funds, provide an accounting of such funds, and certify the reconciliation through a third party. Compl. ¶27; District Court Compl. ¶20.

Both complaints allege similar breaches of duty, though each complaint also contains some unique allegations. In both complaints, the Tribe alleges that the Government has failed to maintain adequate accounting records and books and this failure has caused losses of unknown amounts. Compl. ¶ 33; District Court Compl. ¶¶17, 19. In the CFC complaint, the Tribe focuses on allegations that the Government has breached and is breaching its fiduciary obligations to the Tribe by failing to properly identify, manage, and account for the Tribe's land, resources, and income which is or should be derived therefrom. Compl. ¶32. The CFC complaint also contains 18 additional, more specific violations of the fiduciary duties of prudence and loyalty.[5] In the

---

[4] The duties the Tribe describes essentially are elaborations on a trustee's fiduciary duties of prudence and loyalty and a trustee's duty to provide an accounting. *See* Restatement (Third) of Trusts §§76-78, 83 (1992).

[5] For example, the Tribe alleges the Government failed to obtain the highest available rates of interest on trust funds, failed to timely deposit and invest the trust funds, authorized contracts and leases

5

District Court complaint, the Tribe makes additional allegations regarding a previous attempt at rendering an accounting and the Government's duty to provide an accounting. The Tribe alleges it informed the Government that it did not accept the previous report as a full and complete accounting, and that the Government has failed to provide the Tribe with a full accounting of its trust funds. District Court Compl. ¶¶29-30.

Although it is undisputed that the Tribe's two complaints are not identical and request different relief, a plaintiff can trigger § 1500's jurisdictional bar even if its two complaints request completely different relief. The test under § 1500 is not whether two complaints are identical, but whether the lawsuits are "based on substantially the same operative facts." To prove either claim, Plaintiff will have to present evidence on the same issues: the proper standards for trust administration and accounting, the Government's management of trust assets and its accounting and recording of transactions, and the ways in which the Government's actions did not satisfy the proper standards. Whether each complaint contains some unique, ancillary facts is irrelevant so long as the suits' operative facts are the same.

Plaintiff's attempt to separate its claims into two different categories because they "focus" on different facts is unavailing because the complaints clearly indicate that Plaintiff is seeking redress for the same, ongoing allegedly unlawful course of action. The Court finds that this suit is based on substantially same operative facts as Plaintiff's District Court suit,[6] and therefore, this suit is "for or in respect to" a claim pending in another court. Accordingly, if the District Court case was pending at the time this case was filed, § 1500 will bar this Court's jurisdiction.

**IV.   Is a District Court Claim "Pending" If It Is Filed on the Same Day?**

   **A.   Background of Order-of-Filing Rule**

The Supreme Court has made clear that § 1500 prohibits this Court from having jurisdiction over "the claim of a plaintiff who, *upon filing* [in the CFC], has an action pending in any other court 'for or in respect to' the same claim." *Keene*, 508 U.S. at 209 (emphasis added). Even if the plaintiff promptly dismisses the other complaint after filing in the CFC, jurisdiction is barred if the other claim was pending at the time of filing in the CFC. *Id.* at 207, 208 n.3 (stating that "the existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed" (quoting *Newman-Green, Inc. v. Alfonzo-Larrian*, 490 U.S. 826, 830 (1989))). The Supreme Court has left as an open question whether a later-filed suit in another court divests the CFC of jurisdiction. *Tohono*, 131 S. Ct. at 1729-30; *id.* at 1735 n.5 (Sotomayor, J.,

---

at below market value, failed to collect payments due under authorized contracts, allowed third parties to take the Tribe's natural resources without payment, engaged in self-dealing, and failed to skillfully manage the Tribe's trust. Compl. ¶34.

   [6] The Court notes that most other Judges who recently have considered motions to dismiss under § 1500 based on similar facts have reached the same conclusion. *See, e.g.*, *Winnebago Tribe of Nebraska v. United States*, -- Fed. Cl. --, 2011 WL 5042385, *5 (Oct. 25, 2011); *Omaha Tribe of Nebraska v. United States*, -- Fed. Cl. --, 2011 WL 4793244, *4, *7 (Oct. 07, 2011).

concurring) (noting that the Court has never considered whether a plaintiff could "avoid[] application of § 1500 altogether by filing its CFC action first").[7]

Several decisions by the Federal Circuit and its predecessor, the Court of Claims, have addressed whether a later-filed claim affects the CFC's jurisdiction under § 1500. In *Tecon Engineers, Inc. v. United States*, 343 F.2d 943 (Ct. Cl. 1965), a plaintiff who was unhappy with the course of its Court of Claims lawsuit filed a claim in a district court after over two years of litigation. The Court of Claims found that the plaintiff could not destroy jurisdiction by the later-filed suit. "The long established rule of comity in such cases is that the court . . . which first obtains and exercises . . . jurisdiction, retains jurisdiction until a final judgment is entered." *Id.* at 946. The Court then dismissed the complaint with prejudice. *Tecon*'s holding created the so-called "order-of-filing rule."

In 1992, an *en banc* Federal Circuit purported to overrule *Tecon* in *UNR Industries* by holding that the filing of a complaint in another court divests the CFC of jurisdiction. 962 F.2d at 1023. After the Supreme Court criticized the ruling on certiorari, *Keene*, 508 U.S. at 216 (stating that it was "unnecessary to consider, much less repudiate, the 'judicially created exceptions' to § 1500 found in *Tecon Engineers*" and other cases), the Federal Circuit backed away from it. Subsequent Federal Circuit panels have recognized *Tecon*'s order-of-filing rule as binding precedent. *Tohono*, 559 F.3d at 1292 (panel decision, overruled on other grounds); *Hardwick Bros. Co. II v. United States*, 72 F.3d 883, 886 (1995) ("[T]he Supreme Court expressly declined to overturn *Tecon Engineers*," and "*Tecon Engineers* remains good law and binding on this court"); *Loveladies Harbor Inc. v. United States*, 27 F.3d 1545 (Fed. Cir. 1994) (*en banc*) (stating that anything stated in *UNR Industries* about issues not properly before the court was "mere *dictum*").

### B.     *Tecon*'s Order-of-Filing Rule Is Binding Precedent

The Court finds that *Tecon* is binding precedent. After the Supreme Court criticized *UNR Industries*'s dicta regarding *Tecon*, the Federal Circuit has reconsidered *Tecon* and recognizes it as valid. *See Hardwick*, 72 F.3d at 886. Although the Supreme Court was somewhat critical of *Tecon* in *Tohono*, it observed that *Tecon* was binding circuit precedent. *Tohono*, 131 S. Ct. at 1729-30. Because the Supreme Court has not overturned or abrogated the Federal Circuit's order-of-filing rule, this Court is bound by it.

Even if *Tecon* was not binding, the Court is persuaded that the order-of-filing rule is consistent with § 1500's original text and purpose and with established principles of federal jurisdiction. The original statute did not refer to claims that a plaintiff "has pending," but to

---

[7] The Supreme Court has addressed similar but different factual circumstances. *See Ex Parte Skinner & Eddy*, 265 U.S. 86, 96 (1924) (finding that the Court of Claims could not reinstate a case it had dismissed, when in the interim, the plaintiff had filed in a state court a suit for the same claim); *Corona Coal Co. v. United States*, 263 U.S. 537 (1924) (finding that it lacked jurisdiction over an appeal from a Court of Claims decision where the plaintiff filed suit in a district court prior to filing the appeal). These cases are factually distinct from the facts of this case and do not govern the outcome. *See Nez Perce Tribe v. United States*, -- Fed. Cl. --, 2011 WL 4498762, *5 (Sept. 27, 2011).

7

claims a plaintiff "shall have commenced and has pending." This clear language barred jurisdiction in the Court of Claims only when the plaintiff had already commenced a suit in another court. The rule embodies the original purpose of § 1500, which was to force plaintiffs to make an election of forums. *See UNR Indus.*, 962 F.2d at 1022. Just as a plaintiff who first files in a district court has elected to pursue his claim there, a plaintiff who first files in this Court has elected to pursue his claim here. The statute was not intended to permit forum manipulation by giving a plaintiff who files suit in this Court the option of divesting the Court of jurisdiction if that plaintiff becomes unhappy with the course of litigation.

It is well established that "the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events." *Mollan v. Torrance*, 22 U.S. 537, 9 Wheat. 537, 539 (1824) (Marshall, C.J.); *see also Smith v. Sperling*, 354 U.S. 91, 93 n.1 (1957) (stating that a party's post-filing change of domicile could not impair jurisdiction because jurisdiction depends on "the facts as they existed when the action is brought"); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) (noting that "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction" because "removal cases raise forum-manipulation concerns . . ."). The Supreme Court relied on this principle in *Keene*, stating that, even if it wanted to, it was not certain that it could depart from the "long-standing principle that 'the jurisdiction of the Court depends upon the state of things at the time of the action brought.'" *Keene*, 508 U.S. at 207-08 (quoting *Mollan*, 22 U.S. 537).

Contrary to the well established principles governing federal jurisdiction, the Government urges this Court to find that the order of filing is irrelevant under § 1500 and that a later-filed suit in another court divests this Court of jurisdiction. The Government argues that the "order-of-filing rule" arising out of *Tecon* has never been controlling precedent because cases decided before *Tecon* held that § 1500's jurisdictional bar applies even when the case was filed in this Court first, citing *Hobbs v. United States*, 168 Ct. Cl. 646, 647-48 (1964) (*per curiam*), and *Maguire Industries, Inc. v. United States*, 114 Ct. Cl. 687, 688, 690 (1949), *cert. denied*, 340 U.S. 809 (1950). To square *Tecon* with the prior case law, the Government argues that *Tecon* establishes an exception to § 1500 that allows this Court to retain jurisdiction over a case if the Court is going to dismiss the action. Def.'s Mot. Dismiss Br. at 11-12.

The Court is not persuaded by the Government's characterization of the case law. In *Hobbs* and *Maguire Industries*, it was not the subsequent filing of suit in another court that divested the Court of Claims of jurisdiction, it was the filing of an appeal of an action that was filed and dismissed prior to the Court of Claims suit. Those cases, properly read, establish that when an appeal of a case is taken, that "suit or process" remains pending from its original filing date, even if the case was dismissed at the time of filing in this Court. Rather than imposing an exception to § 1500, *Tecon*'s order-of-filing rule is consistent with the text of the statute and with established principles governing jurisdiction.

The Government also argues that, even if *Tecon* once was binding precedent, *Tohono*'s rationale makes clear that *Tecon*'s order-of-filing rule is inconsistent with § 1500 and is no longer binding authority. The *Tohono* Court, however, declined to either overrule or explicitly

8

endorse *Tecon*'s order-of-filing rule, and it did not indicate otherwise that *Tecon* is no longer good law. *Tohono*, 131 S. Ct. at 1729-30 ("The *Tecon* holding is not presented in this case because the CFC action here was filed after the District Court suit"). Moreover, the Supreme Court's discussion of § 1500 in *Keene* recognizes that jurisdiction depends on the facts at the time of filing and the importance of the sequence of filing. The Court repudiated several Federal Circuit precedents because the precedents "ignored the time-of-filing rule." *Keene*, 508 U.S. at 217 n.12. The Court left *Tecon* untouched, however, and commented that "In applying § 1500 to the facts of this case, we find it unnecessary to consider, much less repudiate . . . *Tecon Engineers* . . ." *Keene*, 508 U.S. at 216. Additionally, the Court endorsed the rationale of the Court of Claims decision in *British American Tobacco Co. Ltd. v. United States*, 89 Ct. Cl. 438 (1939). In discussing the decision, the *Keene* Court noted that the Court of Claims found the sequence of filing to be relevant when it found that a district court suit prevented it from exercising jurisdiction over a suit because the district court suit was filed "earlier the same day." *Keene*, 508 U.S. at 212.

The Court finds that it is bound by *Tecon*'s order-of-filing rule. Therefore, if the Tribe's District Court case was filed after this case, this Court would not be divested of jurisdiction under § 1500.

   C.   **The Sequence of Filing of Plaintiff's Complaints**

After the parties briefed the motion to dismiss, the Court ordered the Tribe to file evidence regarding the sequence of filing because the record was silent on that issue. If the Tribe could establish that this case was filed first, the Court could conclude that it has jurisdiction over the claims.

The Tribe filed affidavits from Brian Gunn, the attorney who prepared and filed the complaints, and Brenda Womack, his legal assistant. In his affidavit, Mr. Gunn describes the events of December 29, 2006. He states that neither court time-stamped the complaints. Gunn Aff. ¶8. He states that the District Court complaint was delivered to the court by courier sometime before 11:00 a.m., *id.* ¶10, but he believes that the case was not processed until late that afternoon because the District Court's clerk's office called after 4:00 p.m. to clarify some details about the filing, *id.* at ¶12. Ms. Womack recalls that the District Court's clerk's office was backlogged due to the large number of filings it was receiving. Womack Aff. ¶5. In an effort to obtain evidence on the time of filing, Mr. Gunn called the District Court's clerk's office, which reported that it was not possible to ascertain at what time of the day a complaint was considered filed. Gunn Aff. ¶15. Though Mr. Gunn knows when the courier delivered the complaint to the court, he does not know when the District Court filed it. *Id.* at ¶6.

Mr. Gunn believes that the CFC complaint was delivered to the clerk's office by Ms. Womack around 2:00 p.m. *Id.* at ¶9. Based on an e-mail he sent that day, Mr. Gunn recalls that, on December 29, 2006, he did not receive from the CFC a case number due to the high volume of Indian cases filed around this time. *Id.* at ¶11.

The Court finds that the affidavits do not establish by preponderant evidence the sequence of filing. The affidavits describe two clerk's offices that were unusually busy and were

9

unable to process filings quickly or consistent with normal practices. The attorney responsible for filing the complaints provided his recollection of the events that took place nearly 5 years ago, and he detailed the steps he has taken in an attempt to ascertain the times of filing. The Court finds that the affidavits are insufficient to establish the sequence filing, and moreover, they indicate that better evidence is unlikely to exist. In these circumstances, additional evidence most probably would not shed any further light on the order of filing. The Court therefore concludes that it is not possible to discern which complaint was filed first.

Because the sequence of filing was not established, the Court is left with two suits that were filed on the same day. In a similar context under § 1500, the Federal Circuit has treated claims that are partially transferred to the CFC under 28 U.S.C. § 1631[8] as filed on the same day. When a district court transfers to the CFC some but not all claims in a complaint, the Federal Circuit has held that the transferred claims are considered to have been filed simultaneously with the remaining district court claims. *County of Cook v. United States*, 170 F.3d 1084, 1090-91 (Fed. Cir. 1999). Relying on the policies behind § 1500, the Federal Circuit has held that when claims are filed simultaneously under § 1631, the district court suit is pending for the purposes of § 1500 and the CFC claims must be dismissed. *Id.*; *see Griffin v. United States*, 590 F.3d 1291, 1293, 1295 (Fed. Cir. 2009), *reh'g and reh'g en banc denied*, 621 F.3d 1363 (2010).

The Court sees no reason to treat same day filings differently here than in the context of § 1631. Therefore, where it is not possible to determine the exact sequence of filing, the Court finds the prudent approach is to treat two claims filed on the same day as filed simultaneously. Applying Federal Circuit precedent, when two cases are filed simultaneously by operation of law, the district court case is pending for purposes of § 1500. Here, Plaintiff's complaints were filed simultaneously. Accordingly, the Court concludes that the District Court complaint was pending at the time this complaint was filed.

As determined above, the Tribe's two lawsuits are for or related to the same claim. Because the Court finds that the Tribe's District Court suit was pending at the time it filed this complaint, the Court does not have jurisdiction over this suit.

## V.    Conclusion

For the reasons set forth above, the Government's Motion to Dismiss for lack of subject matter jurisdiction is **GRANTED**. The Clerk is directed to dismiss the Plaintiff's complaint.

s/ Edward J. Damich
EDWARD J. DAMICH
Judge

---

[8] Section 1631 permits a court that lacks jurisdiction over a claim to transfer the claim to a court that would have jurisdiction.